This is an action to declare fraudulent certain transactions between the defendants. In 1928 defendant Joseph Wecker borrowed money from complainant, giving notes therefor. At the time he made the loan he made written statements of his financial condition which in substance represented that he had a large and flourishing business and owned certain other assets which brought him in a considerable income. In these statements he set forth that he believed his net worth to be $130,000. He stated that he owned property at Reservoir avenue, Jersey City, with an equity of $50,000. When he made the second loan from complainant he stated in writing that the second loan which amounted to $2,000 was for the purpose of land and business property in Monroe, New York. The notes on the two loans aggregated $4,000 and were endorsed by Max R. Wecker, a brother of the defendant Joseph Wecker. When the first note came due in *Page 536 
August, 1928, it was not paid and arrangement was made with the complainant whereby the notes were replaced by eight notes each of $500, payable in monthly installments. This transaction took place on August 10th, 1928, and none of the notes was ever paid.
It seems plain that the defendants schemed to defraud their creditors. The sequence of events alone is wholly inconsistent with the innocent construction claimed by them.
While the $2,000 notes were outstanding, namely, in July, 1928, defendant Joseph Wecker transferred his interest in the Reservoir avenue property to his wife. He claims that this transfer was necessary in order to get his wife to execute a mortgage on this property for a note to another concern on which she was a co-endorser, and that when he acquired the property he intended that she should be an owner with him. He also claimed that she contributed a large part of the purchase price. The proofs negative this. The next thing that happened was the brother, Max Wecker, who was an endorser not only on the two $2,000 notes, but also on the eight $500 notes, went into bankruptcy.
The right of levy on the business of defendant Joseph Wecker was lost, as all the stock and assets were sold for about $500 under an execution obtained by his cousin, one Leviter, who instituted suit, obtained a judgment and bid the property in on execution, all within two weeks. The contents of this store were moved nearby and it was opened again with defendant Mollie Wecker in active connection with its operation.
The second $2,000 loan was obtained for the specific purpose of paying it on account of property in Monroe, New York, in the name of Wecker and Paikan. It was satisfactorily proven at the hearing that this money was obtained for this purpose and that at the time title was taken defendant Joseph Wecker arranged to have title taken in his name alone because defendant Joseph Wecker had not decided in whose name his half interest should be taken. Sometime afterwards Joseph Wecker asked Paikan to transfer a one-half interest to defendant Mollie Wecker, which Paikan did. *Page 537 
There are other incidents which need not be referred to in detail which point to an utter lack of any feeling of responsibility towards his creditors on the part of the defendant Joseph Wecker.
Both defendants attempted to explain that they were simply victims of misfortune and that each of their transactions was in good faith, but a belief of these explanations is a strain on credulity. Mollie Wecker's attempts to prove that she had large sums of money which went into the Reservoir avenue property were shown by her bank book not to be true and were otherwise disproved, and this circumstance alone completely discredits her testimony.
The defendants attempted to show that the one-half interest in Mollie Wecker in the Monroe property was held in trust for an uncle, Sam Wecker, one of the numerous relatives who turned up so conveniently in the defendants' transactions, each time as an obstacle to the collection of complainant's admittedly just claim.
The Reservoir avenue property has been lost by foreclosure, but defendant Mollie Wecker collected a considerable sum by way of rent for which, as trustee for her husband, she is responsible to complainant on an accounting. She is also chargeable, as trustee for her husband, for the stores of which he was divested under color of the execution sale which was obviously collusive. Although the Monroe property is outside of the jurisdiction the defendants are within the jurisdiction, and they can be directed to execute a document by way of mortgage or lien on the half interest in the name of Mollie Wecker, of which under this decision she is trustee for the benefit of her husband. The fraud having been clearly established, the complainant is entitled to the foregoing relief. *Page 538