This is a jugment creditor's suit to set aside conveyances made by defendant Katharine Belak; first of a parcel of real estate to her daughter, Elizabeth Batesko; second of a mortgage to the same daughter; and third certain building and loan shares and a savings bank account to her daughter, Anna.
These conveyances were made about the same time and soon after she was notified that complainant was about to start a foreclosure suit on a bond and mortgage executed by her, which ultimately resulted in a deficiency judgment.
The facts in this suit present some of the familiar sign posts which point along the road of suspicion. By the conveyances to her daughters, Katharine Belak rendered herself insolvent since by them she stripped herself of all her assets which could have been applied on her indebtedness to the complainant. The conveyances were made immediately following notice to her that she was to be held accountable for *Page 246 
her debt. The conveyances were made to immediate members of her family, and in payment of alleged antecedent debts.
These circumstances are not conclusive that they were made in fraud of complainant's rights, since they would be valid if made in payment of bona fide debts to the grantees, but they call for an explanation of the suspicious circumstances and proof of a valid consideration. The explanations given by the defendant and proof of the alleged consideration are very unsatisfactory, and I find the conveyances were not made for a good consideration, but for the purpose of preventing collection by complainant of the debt to him.
The consideration alleged for the conveyance to Elizabeth Batesko consisted of wages to her and sums of money advanced by her to her mother. She was a minor at the time the alleged wages were earned, and most of the time she worked not for her mother, but for her father. Since the earnings of a minor belong to the parents, this is not sufficient consideration to validate the conveyances. Dodson v. Severs, 54 N.J. Eq. 305. The evidence of the alleged advances is very feeble and unsatisfactory, not being supported by any records contemporary or otherwise.
The alleged consideration for the conveyances to Anna is equally unsatisfactory. She asserts the satisfaction of a similar claim for wages, and also that many years before, when she was fourteen years old, she had lent her mother the sum of $130. Again there is no documentary proof. It is also asserted that the conveyance to Elizabeth was made in carrying out a promise of a gift upon her marriage, yet she had been married for two years when the conveyances were made. The testimony is far from satisfactory and fails to meet the requirements. FranklinCommercial Discount Co. v. Wecker, 108 N.J. Eq. 535.
A decree will be advised granting to complainant the relief prayed for. *Page 247